UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONICA HERNANDEZ,

          Plaintiff,

v.

GENERAL MOTORS, LLC,

          Defendant.

No. 2:25-cv-03417-DJC-JDP

ORDER

This case concerns an allegedly defective 2022 GMC Acadia. Plaintiff Monica Hernandez filed this action in the Sacramento County Superior Court and Defendant General Motors, LLC, removed the matter to this Court. On December 22, 2025, Plaintiff filed a Motion to Remand. (Mot. (ECF No. 6).) As explained in this Order, Plaintiff's motion is GRANTED.

////

////

////

////

////

////

////

1

## BACKGROUND

Plaintiff purchased a 2022 GMC Acadia on July 30, 2022.  (Compl. (ECF No. 1-1) ¶ 9.)  At the time of purchase, Plaintiff received express written warranties.  (*Id.* ¶ 11.)  The vehicle subsequently manifested engine system defects, among other defects.  (*Id.* ¶ 12.)  After a reasonable number of service and repair attempts, Plaintiff filed this action in state court alleging certain statutory violations under the California Song-Beverly Consumer Warranty Act, Civil Code §§ 1790–1795.8.  (*See generally* Compl.)  After Defendant removed the action to this Court, (NOR (ECF No. 1)), Plaintiff filed a Motion to Remand which is fully briefed, (Mot. (ECF No. 6); Opp'n (ECF No. 7); Reply (ECF No. 15)).

## LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal court if there exists original jurisdiction.  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  Courts strictly construe the removal statute against removal and federal jurisdiction must be rejected if there is any doubt as to the right of removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party removing a case to federal court "has the burden to prove, by a preponderance of the evidence, that removal is proper."  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

## DISCUSSION

**I.  Timeliness of Removal**

The Ninth Circuit has held that "untimely removal is a procedural defect and not jurisdictional."  *Maniar v. F.D.I.C.*, 979 F.2d 782, 784 (9th Cir. 1992).  The parties disagree whether Defendant's removal was timely under the removal statute.  (Mot. at 11; Opp'n at 24.)  Defendant contends that Plaintiff's citizenship and the amount in controversy were both indeterminate from the face of the Complaint and that, therefore, the first 30-day trigger under 28 U.S.C. § 1446(b)(1) was not implicated.  (*See generally* NOR, Opp'n.)  Defendant also asserts it conducted its own

independent investigation and timely removed the action within one year of the filing of the Complaint.  (NOR at 10.)

Defendant has not sufficiently explained why it could not have timely removed this action under subsection (b)(3), which provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of . . . [a] other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Here, on October 2, 2025, Plaintiff produced a copy of the Vehicle's Sales Agreement and repair orders to all parties as part of Plaintiff's statutory disclosures under California's Code of Civil Procedure section 871.26.  (Yang Decl. (ECF No. 6-1) ¶ 8.)  Some courts have held that repair orders plus the cash price of the Vehicle are enough to determine the amount in controversy and "removability" under the other paper trigger.  *See, e.g.*, *Galaviz v. General Motors, LLC*, No. 2:25-cv-07039-JLS-MAR, 2025 WL 3022665, at *3 (C.D. Cal. Oct. 28, 2025) (concluding receipt of repair orders and statement by plaintiff that he was unaware of other repairs sufficient to trigger "other paper" deadline); *Graziano v. General Motors, LLC*, No. 2:25-cv-06850-ODW (PVCx), 2025 WL 3295928, at *3 (C.D. Cal. Nov. 26, 2025) (finding that initial disclosures, consisting of the Sales Agreement and various repair orders, made the amount in controversy "unequivocally clear and certain").  Other courts require additional information such as the loan repayment history.  *See, e.g.*, *Lopez v. General Motors, LLC*, No. 25-CV-06549-MWF (MAAx), 2025 WL 2629545, at *3 (C.D. Cal. Sept. 11, 2025).

However, the court in *Penaloza v. General Motors, LLC*, distinguished *Lopez*, noting that the *Lopez* defendants had specifically identified what specific information was lacking from statutorily required disclosures that rendered it impossible to calculate actual damages at that time.  2025 WL 2701875, at *3 n.3 (C.D. Cal. Sept. 23, 2025) (analyzing *Lopez*).  In contrast, the *Penaloza* court granted remand, concluding that General Motors had failed to identify specific omissions from plaintiff's statutorily

required disclosures and instead relied on "cryptic references to a preliminary investigation." *Id.* (cleaned up).  This case is like *Penaloza*.  Here, in the Notice of Removal, General Motors avers it has "estimated the purchase price for the subject 2022 GMC Acadia to be $58,965.04.  GM's preliminary investigation also estimated $10,808.41 in total deductions including estimates of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity.  Code Civ. Proc. § 871.26; Cal. Civ. Code § 1793.2(d)(2)(B).  This yields a plausible estimate of actual damages of $48,156.73." (NOR at 4–5.)  This information was all listed on the Vehicle's service contract that Plaintiff served on General Motors on October 2, 2025.  (*See, e.g.*, Defs.' Fitch Decl. (ECF No. 7-1) ¶ 2, Ex. A.)  However, in the Opposition, General Motors does not meaningfully engage with the "other paper" trigger under 28 U.S.C. § 1446(b)(3), contending generally that the Complaint itself was insufficient for determining actual damages.  (*See* Opp'n at 25.)  General Motors asserts that it had all the information before it on November 3, 2025, to determine removability, (Fitch Decl. ¶ 4), but, like in *Penaloza*, the Court is not persuaded given the lack of discussion in the Opposition brief regarding the "other paper" deadline.

The Court concludes that there was sufficient information available to General Motors as of October 2, 2025 to calculate actual damages and civil penalties and determine removability.  Because General Motors did not remove the action until November 24, 2025, it was outside the thirty-day window under § 1446(b)(3) and thus untimely.

////

////

////

////

////

////

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that the Motion for Remand (ECF No. 6) is GRANTED, and this matter is remanded to the Sacramento County Superior Court.  The Clerk of Court is directed to terminate all pending motions and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 16, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC8 – Hernandez.25cv3417.mtr